**Jia Law Group, P.C.**
Thomas Hsien Chih Kung
225 Broadway, 17th Floor
New York, New York 10007
Tel: (347) 897-6199
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| JIASHENG XU, on behalf of himself and others similarly situated, | Case No.: 19-7736 |
| Plaintiff, | **COMPLAINT** |
| -against- | 29 U.S.C. § 216(b) COLLECTIVE ACTION & FED.R.CIV.P. 23 CLASS ACTION |
| EAST COAST HOLIDAY INC. d/b/a UNIVERSAL VISION GROUP, JUPITER LEGEND CORPORATION d/b/a UNIVERSAL VISION GROUP, RICH G. SUN, JOHN DOE, and JANE DOE, | JURY TRIAL DEMANDED |
| Defendants. | |

---

Plaintiff, JIASHENG XU (hereinafter "Plaintiff" or "Mr. Xu"), individually and on behalf of all others similarly situated, through his attorneys, Jia Law Group, P.C., upon personal knowledge as to himself and upon information and belief as to other matters, allege against EAST COAST HOLIDAY INC. d/b/a UNIVERSAL VISION GROUP, JUPITER LEGEND CORPORATION d/b/a UNIVERSAL VISION GROUP, RICH G. SUN, JOHN DOE, and JANE DOE (collectively as "Defendants"), as follows:

### NATURE OF THE ACTION

1.    Plaintiff brings this action, on behalf of himself and other employees similarly situated, against Defendants for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et*

*seq.* ("FLSA") and New York Labor Law ("NYLL") arising from Defendants' willful and unlawful employment policies, patterns, and practices.

2.      Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in patter and practice of failing to pay its employees, including Plaintiff, minimum wage for each hour worked and overtime compensation for all hours worked over forty (4) each workweek.

3.      Plaintiff, during the relevant times, consistently worked approximately 40 to 45 hours per week, and regularly worked shifts lasting more than 10 hours in a day.

4.      Rather than paying employees based on their number of hours worked, Defendants maintained a practice of paying Plaintiff and other employees only 20 hours a week regardless of the number of hours worked.

5.      Plaintiff alleges, pursuant to the FLSA, that he is entitled to recover from the Defendants 1) unpaid wages and unpaid overtime wages, 2) liquidated damages, 3) pre-judgment and post-judgment interest, and 4) attorneys' fees and costs.

6.      Plaintiff further alleges, pursuant to NYLL § 650 *et seq.* and 12 New York Codes, Rules and Regulations ("NYCRR") § 142, that he is entitled to recover against the Defendants 1) unpaid wages and unpaid overtime compensation, 2) unpaid spread-of-hours premium, 3) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a time of hire notice detailing the rates of pay and payday, 4) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a pay stub that accurately and truthfully lists employees' hours, rates of pay, deductions and withholdings, among other requirements, 5) liquidated damages, 6) pre-judgment and post-judgment interest, and 7) attorneys' fees and costs.

7.      As a result of Defendants' willful and intentional violations of the FLSA and NYLL, Defendants owe Plaintiff and the putative Collective and Class Action members hundreds of thousands of dollars in unpaid wages.

## JURISDICTION AND VENUE

8.      The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 US.C. § 1367.

9.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because Defendants conduct business in this District, and a substantial part of the acts or omissions giving rise to claims asserted herein took place in this District.  Venue is also proper in this District pursuant to 28 U.S.C. § 1391(c) because Defendants' principal places of business are located therein.

10.      This Court is empowered to issue declaratory judgments pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

### *Plaintiff*

### *Mr. Jiasheng Xu*

11.      Plaintiff Mr. Xu is an individual over the age of eighteen residing in the State of New York.

12.      Mr. Xu was employed by Defendants as a Tourism Operations Specialist  from on or about April 1, 2016 to March 31, 2019.

13.      During all relevant times, Mr. Xu was an hourly employee not exempt from the minimum wage and overtime regulations of the FLSA and NYLL.

3

14.     Mr. Xue regularly engaged in interstate commerce in that he regularly serviced clients traveling to and from other states and processed transactions with vendors throughout the United States in connection with his work for the Defendants.

15.     As such, Mr. Xue is a covered employee under the "individual coverage" of the FLSA.

### *Defendants*

### *East Coast Holiday Inc. d/b/a Universal Vision Group*

16.     Defendant East Coast Holiday Inc. ("East Coast Holiday") is a domestic business corporation organized under the laws of the state of New York on or about March 1, 2007, with its principal place of business located at 87 Bowery, Suite 202, New York, New York 10002.

17.     During all relevant times, East Coast Holiday has been, and continues to be, in the business of operating a travel agency under the Chinese tradename 纵横集团 (Zong Heng Group), and its English tradename Universal Vision Group.

18.     During all relevant times, East Coast Holiday has been, and continues to be, an employer of Plaintiff, the FLSA Collective Members, and the Class Members.

19.     During all relevant times, East Coast Holiday has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA in that it (i) has employees engaged in commerce or in the production of goods for commerce, or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person; and (ii) has had an annual gross volume of sales of not less than $500,000.00.

### *Jupiter Legend Corporation d/b/a Universal Vision Group*

20.     Upon information and belief, during all relevant times, Defendant Jupiter Legend Corporation ("Jupiter Legend") is a foreign business corporation organized under the laws of the

state of Delaware on or about June 7, 2016, with its principal place of business located at 37-20 Prince Street, Suite 2E, Flushing, New York 11354.

21.    During all relevant times, Jupiter Legend has been, and continues to be, in the business of operating a travel agency under the Chinese tradename 纵横集团 (Zong Heng Group), and its English tradename Universal Vision Group.

22.    During all relevant times, Jupiter Legend has been, and continues to be, an employer of Plaintiff, the FLSA Collective Members, and the Class Members.

23.    During all relevant times, Jupiter Legend has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA in that it (i) has employees engaged in commerce or in the production of goods for commerce, or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person; and (ii) has had an annual gross volume of sales of not less than $500,000.00

### Rich G. Sun

24.    At all relevant times, Defendant Rich G. Sun is and was an owner, officer, director, manager and among the ten largest shareholders of Defendants East Coast Holiday and Jupiter Legend (together as "Universal Vision Group"), and as such, is individual responsible for unpaid wages under the New York Business Corporation Law NYBSC § 630.

25.    At all relevant times, Defendant Rich G. Sun is and was employer of Plaintiff, the FLSA Collective Members, and the Class Members within the meaning of the FLSA, 29 U.S.C. § 203(d) and N.Y.L.L. § 651(6).

26.    At all relevant times, Defendant Sun acted directly and indirectly in the interest of East Coast Holiday and Jupiter Legend, specifically in his oversight, management, and direction thereof.

27.     At all relevant times, Defendant Sun had operational and financial control of East Coast Holiday and Jupiter Legend.

28.     At all relevant times, Defendant Sun had power over personnel decisions at East Coast Holiday and Jupiter Legend, including the power to hire and fire employees, determine the rate and method of payment, maintain time and wage records, and otherwise supervise and control the terms and conditions of their employment. Defendant Sun held and exercised these powers over Plaintiff, the FLSA Collective Members, and the Class Members.

29.     At all relevant times, Defendant Sun had the power to stop any illegal pay practices that harmed Plaintiff, the FLSA Collective Members and the Class Members.

30.     At all relevant times, Defendant Sun acted intentionally and maliciously with respect to the allegations contained hereunder.

## FACTUAL ALLEGATIONS

### *Defendants Constitute a Single Employer*

31.     Defendants constitute a single employer of Plaintiff, the FLSA Collective Members, and the Class Members.

32.     Defendant Sun operated East Coast Holiday and Jupiter Legend as one in the same and as an alter ego of himself.  Defendant Sun failed to operate Defendant corporations as separate entities, among other things, by:

a)  failing to adhere to the corporate formalities necessary to operate Defendant corporations as corporations;

b)  defectively forming or maintain the corporate entities of Defendant corporations, by, among other things, failing to hold annual meetings or maintain appropriate corporate records;

c)   transferring assets and debts freely as between all Defendants;

d)   operating Defendant corporations for their own benefit as the sole or majority shareholders;

e)   operating Defendant corporations for their own benefit and maintaining control over them as closed corporations;

f)   intermingling assets and debts of their own with Defendant corporations;

g)   intermingling employees, including but not limited to Plaintiff, the FLSA Collective Members, and the Class Members, between the Defendant corporations;

h)   diminishing and/or transferring assets of Defendant corporations to avoid full liability as necessary to protect their own interests; and

i)   other actions evincing a failure to adhere to the corporate form.

33.    Additionally, East Coast Holiday and Jupiter Legend share the same offices, employees, phone numbers, websites, time keeping and payroll systems, as well as same officers and managers.

### *Failure to Pay Minimum Wage and Overtime*

34.    The FLSA and NYLL require that Defendants pay every non-exempt employee a minimum wage for all hours worked.  29 U.S.C. 206; N.Y. Lab. Law 652.

35.    The FLSA and NYLL require that Defendants pay every non-exempt employee an overtime rate of one-and-a-half times the regular rate of pay for each hour worked in excess of 40 each week. 29 U.S.C. § 207; 12 N.Y.C.R.R. § 137-1.3.

36.    During all relevant times, Mr. Xu was a non-exempt employee of the Defendants and was subject to the FLSA and NYLL.

37.     During all relevant times, Defendants agreed to pay Mr. Xu at a rate of $32.66 per hour.

38.     Throughout the course of his employment, Mr. Xu regularly worked over 45 hours in a work week.

39.     However, Mr. Xu was only paid for a fixed 20 hours a week regardless of the number of hours he actually worked in a work week.

40.     Mr. Xu was paid bi-weekly, with each pay period encompassing two work weeks.

41.     Mr. Xu's paystubs unambiguously show that he was paid the same amount every single pay period -- 20 hours a week, 40 hours per pay period, at $32.66 per hour, for a total amount of $1,306.46.

42.     Mr. Xu's time records show that he regularly worked over 9 hours a day and over 45 hours in a week.

43.     As such, Mr. Xu is owed at least the minimum wage for hour worked over 20 in a week and the overtime premium for hours worked 40 in a week.

44.     Mr. Xu was required to work without any uninterrupted break time during the workday. He was required to work whenever the work arises or whenever his managers assigned him a task.

### *Failure to Pay Spread of Hours Pay*

45.     NYLL requires Defendants to compensate their employees for an additional hour of pay for days in which Plaintiff worked a spread-of-hours in excess of ten. N.Y. Comp. Codes R. & Regs. Tit. 12, §146-1.6(a).

46.     Mr. Xu's time records show that he regularly worked a spread-of-hours in excess of 10 in a day.  Despite the fact that Plaintiff regularly worked a spread in excess of 10 hours per

day, Defendants did not pay Plaintiff any additional compensation as required by New York State regulations.

### Failure to Post the Notices Required by Law

47.    The FLSA and NYLL require an employer to post and maintain in the workplace a display, containing notices of employee's rights to receive the minimum wage and overtime rate of one-and-a-half times their regular rate.  29 C.F.R. §516.4; 12 N.Y.C.R.R. §137-2.3.

48.    During all relevant times, Defendants failed to post in languages understood by employees (Chinese), in a place accessible to employees and in a conspicuous manner, the notices of employee rights to receive minimum wage and overtime premium as required by the FLSA and NYLL.

49.    Additionally, Defendants failed to display a copy of §193 of the NYLL regarding the prohibition on illegal deduction from wages.

### Recordkeeping Violations

50.    Defendants failed to keep full and accurate records of Plaintiff'ss hours and wages in violation of the FLSA and NYLL.  29 U.S.C. §211(c); N.Y.L.L. §661.

51.    Upon information and belief, throughout the duration of their employment, Defendants failed to provide Plaintiff, the FLSA Collective Members, and the Class Members with accurate wage statements documenting all of their hours worked or wages received.

52.    Moreover, for most or all of the relevant time period, Defendants falsified books and records concerning Plaintiff'ss hours and wages.

### Failure to Provide Plaintiff with Time-Of-Hire Notices and Wage Statements

53.    Defendants failed to provide Plaintiff at the time of hiring, or at any subsequent time, written notices in the Plaintiff'ss native language (Chinese), setting forth the rate and basis

of pay, allowances claimed, pay day, employer name and contact information, and any "doing business as" names used by the employer.

54.    Defendants failed to provide along with each payment of wages or at any other time, accurate statements listing the dates of work covered by the payment, the employee's name, the employer's name, the address and phone number of the employer, the rate and basis of pay (including overtime pay), the number of regular hours worked, the number of overtime hours worked, gross wages, deductions, allowances claimed, and net wages.

55.    The failures listed in the preceding paragraphs violated NYLL §195 and Defendants are liable for the violations.

### *Knowing and Intentional Acts*

56.    Defendants knowingly, willfully, ad intentionally committed the acts alleged herein.

57.    Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

58.    Defendants knew that the nonpayment of minimum wage, overtime pay, and spread-of-hours pay would financially injure Plaintiff.

59.    Defendants intentionally falsified time and pay records to circumvent the FLSA and NYLL requirements.

### FLSA COLLECTIVE ALLEGATIONS

60.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

61.     Plaintiff bring the First and Third Causes of Action, pursuant to FLSA, 29 U.S.C. § 216(b), on behalf of themselves and all similarly situated persons who work or have worked for Defendants as non-exempt employees, on or after the date that is three years before the filing of the Complaint in this case, absent tolling of the limitations period, who elect to opt-in to this action (the "FLSA Collective").

62.     All of the work that Plaintiff and members of the FLSA Collective have performed was assigned by Defendants, and/or Defendants were aware of all the work that Plaintiff and members of the FLSA Collective have performed.

63.     As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective, and Defendants knew that this pattern, practice, and/or policy would financially injure Plaintiff and the FLSA Collective.  This policy and pattern or practice includes, but is not limited to:

      a.    Failing to keep accurate records of hours worked by employees as required by the FLSA and the NYLL;

      b.    Failing to pay employees minimum wage for all hours worked;

      c.    Improperly paying the non-exempt employees a flat weekly salary that is below the federal and state minimum wage;

      d.    Failing to pay employees the applicable overtime rate for all time worked in excess of 40 hours per week; and

      e.    Failing to pay employees spread-of-hours compensation of on hour's pay at the minimum wage for each day in which their workday spanned more than ten hours.

64.    Defendants are aware or should have been aware that federal law required them to pay employees the minimum wage and to pay employees performing non-exempt duties an overtime premium for hours worked in excess of 40 per workweek.

65.    Upon information and belief, there are numerous affected employees of Defendants whose job duties and compensation have been substantially similar to those of the Plaintiff, who have likewise been underpaid as a result of Defendants' willful failure and refusal to pay the legally required minimum wages and overtime premium.

66.    Members of the FLSA Collective would benefit from the issuance of a court-supervised notice of the instant lawsuit and the opportunity to timely join the instant lawsuit. Members of the FLSA Collective are known to Defendants, are readily identifiable, and can be located through Defendants' records.  Notice should be sent to all members of the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## NEW YORK LABOR LAW CLASS ALLEGATIONS

67.    Pursuant to the NYLL, Plaintiff bring their Second, Fourth, Fifth, Sixth, Seventh, and Eighth Causes of Action under Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and all sushi chefs, delivery workers, packaging persons, and other non-exempt positions, the Class Members, who are or were employed by Defendants within New York at any time that is six years before the filing of the Complaint in this case, and through the entry of judgment in this case (the "Class Period").

68.    The Class Members are so numerous that joinder of all members is impracticable.

69.    Although the precise number of Class Members is unknown to Plaintiff, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

70.    Upon information and belief, there are in excess of forty five (45) Class Members.

71.    There are questions of law and fact common to the claims of Plaintiff and the claims of the Class, including whether Defendants had a corporate policy of: (a) failure to pay minimum wage for all hours worked; (b) failure to pay overtime premiums when employees worked in excess of forty (40) hours per week; (c) failure to pay an additional hour's wage at minimum wage when employees worked shifts lasting ten or more hours; and (d) the unlawful withholding of tips and gratuities left by patrons for the Class Members.

72.    Plaintiff's claims are typical of the Class Members' claims, and Plaintiff will fairly and adequately represent the Class.  There are no conflicts between Plaintiff and the Class Members, and Plaintiff's counsel are experienced in handling class litigation.

73.    The Second, Fourth, Fifth, Sixth, Seventh, and Eighth Causes of Action are properly maintainable as a class action under Federal Rules of Civil Procedure Rule 23(b)(3). There are questions of law and fact common to the Class that predominate over any questions solely affecting the individual members of the class, including but not limited to:

a)    whether Defendants employed Plaintiff and the Class Members within the meaning of the NYLL;

b)    whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and the Class Members;

c)    what proof of hours worked is sufficient where employers fail in their duty to maintain accurate time records;

d)    whether Defendants failed and/or refused to pay Plaintiff and the Class Members minimum wages for all hours worked;

e)  whether Defendants failed and/or refused to pay Plaintiff and the Class Members overtime premium pay for hours worked in excess of forty (40) hours per workweek;

f)  whether Defendants illegally retained gratuities left by customers and failed to pay all such gratuities to Plaintiff and Class Members;

g)  whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory damages, liquidated damages, interests, costs and disbursements, and attorneys' fees; and

h)  whether Defendants failed to pay Plaintiff and the Class Members an additional hour of pay for each hour worked in excess of ten (10) hours in one day.

74.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual Plaintiff lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendants.   The individual members of the Class have no interest or capacity to bring separate actions.   Plaintiff are unaware of any other litigation concerning this controversy.  It is desirable to concentrate the litigation in one case, and there are no likely difficulties that will arise in managing the class action.

## FIRST CAUSE OF ACTION

### Violation of Fair Labor Standards Act – Failure to Pay Minimum Wages

75.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

76.    At all times relevant to this action, Plaintiff and FLSA Collective were employed by Defendants, and Defendants were Plaintiff's and the FLSA Collective's employers within the meaning of 29 U.S.C. 203(d).

77.    At all times relevant to this action, Plaintiff and members of the FLSA Collective were engaged in interstate commerce and/or the production of goods for interstate commerce, and/or Defendants were enterprises engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. 206(a) and 207(a).

78.    Defendants' failure to compensate Plaintiff and FLSA Collective the applicable minimum hourly wage was in violation of 29 U.S.C. 206(a).

79.    Defendants' violations of the FLSA, as described in this Complaint, have been willful and intentional.  Defendants knew that their nonpayment of Plaintiff and the FLSA Collective at the minimum wage would financially injure Plaintiff and the FLSA Collective.

80.    Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective.

81.    Because Defendants' violations of the FLSA have been willful, a three (3) year statute of limitations applies, pursuant to 29 U.S.C. § 25.

82.    Upon information and belief, because Defendants concealed notice from Plaintiff and the FLSA Collective of their rights to receive minimum wages and overtime compensation as required by FLSA and implementing regulations, the claims of Plaintiff and the FLSA Collective for unpaid minimum wages and overtime compensation, plus liquidated damages, interest, reasonably attorneys' fees and costs, and other relief provided by 29 U.S.C. §216(b) may extend beyond the three year statute of limitations for willful violations.

83.    Due to Defendants' FLSA violations, Plaintiff and members of the FLSA Collective have suffered damages and are entitled to recover from Defendants, jointly and severally, unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, pursuant to the FLSA, 29 U.S.C. § 216(b), all in an amount to be determined at trial.

84.    Members of the FLSA Collective are entitled to collectively participate in this action by choosing to "opt-in" and submitting written consents to join this action pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

### Violation of New York Labor Law – Failure to Pay Minimum Wages

85.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

86.    At all times relevant to this action, Plaintiff and the Class Members were employed by Defendants, and Defendants were Plaintiff's and the Class Members' employers within the meaning of the NYLL. N.Y.L.L. §§ 2, 190, 651.

87.    Defendants failed to pay Plaintiff and the Class Members the applicable minimum hourly wage in violation of New York Minimum Wage Act, N.Y.L.L. § 652.

88.    Defendants' failure to pay Plaintiff and members of the FLSA Collective the applicable minimum hourly wage under N.Y.L.L. was willful. Defendants knew that the nonpayment of the minimum wage would financially injure Plaintiff and the Class Members.

89.    Due to Defendants' violations of NYLL, Plaintiff and the Class Members are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs

16

of the action, and prejudgment interest, all in an amount to be determined at trial. N.Y.L.L. §

663(1); N.Y.C.P.L.R. § 5001.

## THIRD CAUSE OF ACTION

### Violation of Fair Labor Standards Act – Failure to Pay Overtime Premium

90.     Plaintiff realleges and incorporates by reference all allegations in all preceding

paragraphs.

91.     The FLSA requires Defendants to pay employees an overtime rate of one-and-

one-half times the employee's regular rate of pay for each hour of work over forty (40) hours in a

week. 29 U.S.C. § 207.

92.     The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 et seq.,

and the supporting federal regulations, apply to Defendants and protect Plaintiff and the FLSA

Collective.

93.     Plaintiff and members of the FLSA Collective routinely worked over forty (40)

hours in a work week.

94.     Defendants failed to pay Plaintiff and members of the FLSA Collective overtime

wages at one-and-one-half times the regular rate of pay for all hours worked in excess of 40

hours in a workweek in violation of 29 U.S.C. § 207.

95.     Defendants' failure to pay Plaintiff and members of the FLSA Collective the

applicable overtime compensation under the FLSA was willful.  Defendants knew that their

nonpayment of overtime wages would financially injure Plaintiff and members of the FLSA

Collective.

96.     As a result of Defendants' unlawful acts, Plaintiff and members of the FLSA

Collective have been deprived of overtime compensation and other wages in amounts to be

determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

## FOURTH CAUSE OF ACTION

**Violation of New York Labor Law Article 19 – Failure to Pay Overtime Premium**

97.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

98.    New York State Department of Labor regulations require Defendants to pay employees an overtime rate of one-and-one-half times the employee's regular rate of pay for each hour of work over forty (40) hours in a week. 12 N.Y.C.R.R. §§ 146-1.4 (January 2011 and after).

99.    The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants.

100.    Plaintiff and the Class Members routinely worked over forty (40) hours in a work week.

101.    Defendants failed to pay Plaintiff and the Class Members overtime wages at one-and-one-half times the regular rate of pay for all hours worked in excess of 40 hours in a workweek in violation of the N.Y.L.L and implementing regulations.

102.    Defendants' failure to pay Plaintiff and the Class Members the applicable overtime compensation under N.Y.L.L. was willful.  Defendants knew that their nonpayment of overtime wages would financially injure Plaintiff and the Class Members.

103.    Due to Defendants' violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, reasonable

attorneys' fees and costs of the action, and pre-judgment and post-judgment interest. N.Y.L.L. §§ 198, 663(1); N.Y.C.P.L.R. § 5001.

## FIFTH CAUSE OF ACTION

### Violation of New York Labor Law – Failure to Pay Spread-of-Hours Pay

104.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

105.    Plaintiff and the Class Members routinely worked days with a spread of hours greater than ten (10) hours a day.

106.    Defendants failed to pay Plaintiff and the Class Members additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which they worked more than ten hours in violation of the N.Y.L.L. and accompanying regulations.

107.    Defendants' failure to pay Plaintiff and the Class Members spread-of-hours wages was willful. Defendants knew that nonpayment of spread-of-hours pay would financially injure Plaintiff and the Class Members.

108.    By Defendants' failure to pay Plaintiff and the Class Members spread-of-hours pay, Defendants have willfully violated the NYLL Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

109.    Due to Defendants' violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendants their wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest. N.Y.L.L. §§ 198, 663(1); N.Y.C.P.L.R. § 5001.

**SIXTH CAUSE OF ACTION**

**Violation of New York Labor Law – Failure to Provide Time of Hire Wage Notice**

110.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

111.    Defendants knowingly, willfully, and intentionally failed to supply each Plaintiff and Class Member notice as required by NYLL Article 6, § 195, containing Plaintiff's and the Class Members' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular pay day designated by the employer in accordance with NYLL Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such information as the commissioner deems material and necessary.

112.    Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

**SEVENTH CAUSE OF ACTION**

**Violation of New York Labor Law – Failure to Provide Accurate Wage Statements**

113.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

114.    Defendants knowingly, willfully, and intentionally failed to supply each Plaintiff and Class Member with an accurate statement of wages as required by NYLL Article 6, § 195, containing the dates of work covered by that payment of wages; name of employee; name of

employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

115.    Defendants have failed to make a good faith effort to comply with the New York Labor Law and did not provide accurate statement of wages on or after each Plaintiff's payday.

116.    Due to Defendants' violations of the NYLL, each Plaintiff and the Class Member is entitled to recover from Defendants $250 for each workweek that the violations occurred or continue to occur, or a total of $5,000, together with reasonable attorneys' fees, costs pursuant to NYLL Article 6, § 198(1)-d.

## EIGHTH CAUSE OF ACTION

### Violation of New York Labor Law – Failure to Pay Agreed Upon Wages

117.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

118.    New York Labor Law §§ 191(1)-d requires employers to pay clerical and other workers the wages earned in accordance with the agreed terms of employment.

119.    New York Labor Law §§ 193(3)-a provides that no employer shall make any charge against wages or require an employee to make any payment by separate transaction.

120.    New York Labor Law §§ 198-b(2) provides that:

"[w]henever any employee who is engaged to perform labor shall be promised an agreed rate of wages for his or her services, be such promise in writing or oral, … , it shall be unlawful for any person, … , to request, demand, or receive, either before or after such employee is engaged, a return, donation or contribution of any part or all of said employee's wages, … , upon the statement, representation,

or understanding that failure to comply with such request or demand will prevent such employee from procuring or retaining employment."

121.    Defendants have willfully failed to pay Plaintiff and the Class Members the agreed upon wages pursuant to New York Labor Law §§ 190, *et. Seq.*

122.    Due to Defendants' violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendants their underpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest. N.Y.L.L. §§ 198, 663(1); N.Y.C.P.L.R. § 5001.

## TOLLING OF THE STATUTE OF LIMITATIONS

123.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

124.    Because Defendants, upon information and belief, have concealed from Plaintiff and members of the FLSA Collective notice of their rights to receive minimum wages and overtime compensation as required by FLSA, discussed supra, the claims of Plaintiff and the FLSA Collective for unpaid overtime compensation, statutory damages, and other relief, may extend beyond the statute of limitations for violations of the Fair Labor Standards Act and NYLL on the grounds of equitable tolling.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of themselves and all other employees similarly situated FLSA Collective Members and the Class Members, respectfully request that this Court grant the following relief:

a.    Designation of this action as a collective action on behalf of the FLSA Collective Members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them

of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiff and their counsel to represent the FLSA Collective Members;

b. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3) on behalf of the Class Members and appointing Plaintiff and their counsel to represent the Class;

c. An order tolling the statute of limitations;

d. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

e. An award of unpaid minimum wage and regular wages pursuant to the FLSA and NYLL;

f. An award of unpaid overtime pay pursuant to the FLSA and NYLL;

g. An award of unpaid Spread of Hours payments pursuant to the NYLL;

h. An award of liquidated damages pursuant to the FLSA and NYLL;

i. An award of $5,000 to each Plaintiff and Class Member for Defendants' failure to provide a time of hire notice in violation of NYLL Article 6 § 195;

j. An award of $5,000 to each Plaintiff and Class Member for Defendants' failure to provide accurate statement of wages for each pay day in violation of NYLL Article 6 § 195;

k. At the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issues such notice, to the members of the FLSA Collective, as defined above.  Such notice shall inform them that this civil action

has been filed, the nature of the action, and their right to join this lawsuit if they believe they were denied proper wages;

l.  An injunction requiring Defendants to pay all statutorily required wages and an order enjoining Defendants from continuing their unlawful policies and practices as described herein with respect to members of the FLSA Collective;

m.  An award of pre-judgment and post-judgment interests;

n.  An award of attorneys' fees, expert fees, and costs and expenses;

o.  An order providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

p.  Such other relief as the Court shall deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the FRCP, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated: August 19, 2019          **JIA LAW GROUP, P.C.**
       New York, New York        *Attorneys for Plaintiff*


                                By:    /s/ Thomas Hsien Chih Kung
                                       Thomas Hsien Chih Kung
                                       225 Broadway, 17th Floor
                                       New York, New York 10007
                                       Tel: (347) 897-6199